IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

DEC 2 2 2011

CLERK, U.S. DISTRICT COURT
AT EXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>MAGNOLIA PLUMBING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JAMES T. REDDING, INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:11cv0221 (CMH/JFA) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on plaintiff's motion for entry of default judgment against defendant James T. Redding, Inc. ("Redding") pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 24). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the Court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On March 2, 2011, plaintiff filed a complaint asserting a claim under the Miller Act, 40 U.S.C. § 3131, *et seq.*, against defendant Westfield Insurance Company ("Westfield") (Count I) and for breach of contract against Redding (Counts II and III). (Docket no. 1). In the complaint plaintiff demands judgment against Redding for completed but uncompensated work under two subcontracts.

On March 2, 2011, summonses were issued and given to counsel for plaintiff for service on the defendants. (Docket no. 3). A summons and a copy of the complaint were served on

1

Westfield's registered agent on March 7, 2011, as shown in the return of service filed on March 16, 2011. (Docket no. 4). A summons and a copy of the complaint were served on Redding's registered agent on March 9, 2011, as shown in the return of service also filed on March 16, 2011. (Docket no. 5). In accordance with Fed. R. Civ. P. 12(a), responsive pleadings from Westfield and Redding were due on March 28, 2011 and March 30, 2011, respectively, 21 days after service of the summonses and copies of the complaint.

On March 28, 2011, Westfield appeared in this case. (Docket no. 7). The same day, Westfield filed a consent motion for an extension of time to respond to plaintiff's complaint. (Docket no. 8). The Court granted the motion on March 29, 2011 and ordered Westfield to respond to the complaint by April 7, 2011. (Docket no. 10). Westfield then timely filed its answer. (Docket no. 11).

Redding did not appear or file a responsive pleading in a timely manner and on October 18, 2011, plaintiff filed a request for entry of default pursuant to Fed. R. Civ. P. 55(a). (Docket no. 18). The Clerk of Court entered default against Redding on October 21, 2011. (Docket no. 20). On November 16, 2011, the Court ordered the plaintiff to file a motion for default judgment and notice a hearing on the motion before the undersigned for 10:00 a.m. on Friday, December 16, 2011. (Docket no. 22).

On December 2, 2011, plaintiff filed its motion for default judgment and noticed it for a hearing on December 16, 2011. (Docket nos. 23, 24). In support of the motion for default judgment, plaintiff submitted a memorandum and an affidavit of Dominic Magnolia. (Docket nos. 25, 25-4).

On December 16, 2011, this matter was called in open court. Counsel for plaintiff appeared and no one appeared on behalf of Redding.

2

## Factual Background

The following facts are established by the complaint (Docket no. 1), plaintiff's memorandum in support of its motion for entry of default judgment (Docket no. 25), the affidavit of Dominic Magnolia submitted in support of the motion for default judgment ("Magnolia Affidavit") (Docket no. 25-4), and the exhibits attached thereto.

Both plaintiff and Redding are Maryland corporations. (Compl. ¶¶ 3, 4). In September 2008, the United States entered into a contract with the Ranger Group, LLC ("Ranger") for barracks renovation on property owned by the United States in this judicial district at Fort Belvoir, Virginia (the "Prime Contract"). (Compl. ¶¶ 6, 7). Plaintiff alleges that the value of the prime contract exceeded $100,000 and that pursuant to 40 U.S.C. § 3131[1] Ranger obtained a payment bond for work performed under the prime contract by laborers and material-men from Westfield. (Compl. ¶¶ 19, 20).

Subsequently, Ranger entered into subcontracts with Redding and Motir Services, Inc. ("Motir") for the performance of certain worked required under the prime contract. (Compl. ¶¶ 9, 13, 17). In March 2009, Redding entered into a sub-subcontract with plaintiff for the performance of heating, venting, and air condition systems and mechanical work required under the prime contract (the "HVAC Contract"). (Compl. ¶ 10, 11, Ex. A). In February 2009, Motir entered into a sub-subcontract with Redding for the performance of certain work required under the prime contract and in March 2009, Redding entered into a sub-sub-subcontract with plaintiff

---

[1] In pertinent part: "Before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government the following bonds, which become binding when the contract is awarded: . . . A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. § 3131(b)(2).

3

for the performance of plumbing work required under the prime contract (the "Plumbing Contract"). (Compl. ¶¶ 13, 14, 15, Ex. B).

Plaintiff completed all of the work required under the HVAC Contract on September 22, 2010. (Compl. ¶¶ 23, 25, 28). Plaintiff completed all of the work required under the Plumbing Contract on November 18, 2010. (Compl. ¶ 31). There remains an unpaid balance due of $157,645.57 (less a $20,000 credit applied to the balance due) under the HVAC Contract (Count II) and an unpaid balance due of $185,283.78 under the Plumbing Contract (Count III). (Compl. ¶¶ 24, 29, 32; Docket no. 25 at 3; Magnolia Affidavit). On December 2, 2010, within 90 days of the last day work was performed on the HVAC Contract, plaintiff gave notice to Ranger of the unpaid balance due on that contract. (Compl. ¶ 25).

<u>**Proposed Findings and Recommendations**</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on Redding's failure to file a responsive pleading in a timely manner, the Clerk has entered default. (Docket no. 20).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

4

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff states that this Court has subject matter jurisdiction over his claim against Redding for breach of the HVAC Contract under the Miller Act, 40 U.S.C. § 3133[2] and over his claim against Redding for breach of the Plumbing Contract under 28 U.S.C. § 1367. (Compl. ¶ 1).

The Miller Act applies to those who "deal directly with the prime contractor" as well as those who "have [a] direct contractual relationship with a subcontractor." *United States v. WNH Ltd. P'ship*, 995 F.2d 515, 518 (4th Cir. 1993) (quoting *Clifford F. MacEvoy Co. v. United States ex rel. Calvin Tomkins Co.,* 322 U.S. 102, 107 (1944)). In this case, subject matter jurisdiction over the HVAC Contract is appropriate as plaintiff had a direct contractual relationship with Redding, a subcontractor on the prime contract. Plaintiff has also fulfilled the sub-subcontractor notice requirement under 40 U.S.C. § 3133(b)(2).

Whether this Court has subject matter jurisdiction over plaintiff's claim against Redding for breach of the Plumbing Contract is not as clear. That claim is undoubtedly beyond the scope of the Miller Act as plaintiff was a sub-sub-subcontractor, or "third-tier subcontractor," on the plumbing work related to the prime contract. The question, then, is whether plaintiff's state law claim for breach of the Plumbing Contract is "so related" to plaintiff's HVAC Contract claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. To satisfy that test, plaintiff's claims must arise from the

---

[2] "A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." 40 U.S.C. § 3133(b)(2).

same "common nucleus of operative fact." *United Mine Works of America v. Gibbs*, 383 U.S. 715, 725 (1966).

While there appears to be no binding authority directly on point, plaintiff argues that there is persuasive case law from this Circuit recognizing supplemental jurisdiction over state law claims for defamation and punitive damages (unavailable under the Miller Act) that supports its assertion of supplemental jurisdiction in this case. *See United States v. J.W. Cook & Sons, Inc.*, No. 5:97-cv-682-BR(1), 1998 U.S. Dist. LEXIS 18419 (E.D.N.C. Sept. 28, 1998). In *Cook*, the court concluded that all of the subcontractor-plaintiffs' claims, including both Miller Act and state law claims, arose "out of the common nucleus of operative fact surrounding plaintiffs' work" for the prime contractor-defendant on a construction project at Fort Bragg, North Carolina. 1998 U.S. Dist. Lexis 18419, at *8. The court also recognized that it was not necessary to decline the exercise of supplemental jurisdiction as plaintiffs' state law claims were neither novel nor complex, nor did they predominate over plaintiffs' Miller Act claim. *Id.* at *9-*10.

It is significant that the plaintiffs in *Cook* were subcontractors whose agreements were clearly within the ambit of the Miller Act, while the Plumbing Contract at issue here is a sub-sub-subcontract whose relationship to the prime contract is notably more attenuated. However, while a close question, given the fact that the Plumbing Contract concerned work required under and undeniably related to the prime contract for which Ranger obtained the payment bond, the undersigned recommends a finding that this Court may exercise supplemental jurisdiction over the Plumbing Contract.

This Court also has personal jurisdiction over Redding. As stated in the complaint and plaintiff's memorandum in support of its motion for entry of default judgment, the parties' performance of both the HVAC and Plumbing contracts occurred at Fort Belvoir, Virginia, which is in this judicial district. (Compl. ¶¶ 10, 14; Docket no. 25 at 2). Venue is also appropriate in this Court over plaintiff's Miller Act claim under 40 U.S.C. § 3133(b)(3)(B)[3] and over plaintiff's breach of contract claim under 28 U.S.C. § 1391 as a substantial part of the events giving rise to that claim (*i.e.*, the execution and performance of the Plumbing Contract) occurred in this judicial district.

For these reasons, the undersigned magistrate judge recommends a finding that this Court has subject matter jurisdiction over this action, that the Court has personal jurisdiction over Redding, and that venue is proper in this Court.

**Service**

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Plaintiff served Redding through its registered agent, Nancy Grueninger, on March 9, 2011. (Docket no. 5). Accordingly, the undersigned magistrate judge recommends a finding that Redding was served properly with the summons and a copy of the complaint.

---

[3] "A civil action brought under this subsection must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy."

## Grounds for Entry of Default

Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due from Redding on March 30, 2011. No responsive pleading was filed in a timely manner. On October 18 and 20, 2011, plaintiff filed its request for entry of default with a supporting affidavit. (Docket nos. 18, 19). The Clerk of the Court entered a default on October 21, 2011. (Docket no. 20). The currently pending motion for default judgment and the notice of hearing were filed on December 2, 2011 and they were served on Redding by mail the same day. (Docket nos. 23, 24).

Federal Rule of Civil Procedure 54(b) states that when an action presents a claim against multiple parties, the court may direct entry of a final judgment against fewer than all of the defendants "only if the court expressly determines that there is no just reason for delay." Otherwise, the entry of any order adjudicating the claims against fewer than all defendants may be revised at any time before the entry of a judgment adjudicating all claims against all parties. Fed. R. Civ. P. 54(b). In this case, in the absence of an express determination by the Court that there is no just reason for delaying entry of a final judgment as to Redding under Fed. R. Civ. P. 54(b), this Court's order granting plaintiff's motion for default judgment may be revised before the entry of any judgment as to Westfield. However, for the reasons stated above, the undersigned recommends that there is no just reason to delay proceeding with the entry of a default judgment as to Redding.

Based on the above, the undersigned magistrate judge recommends a finding that Redding was served properly, that Redding failed to file a responsive pleading in a timely

manner, that the Clerk properly entered a default as to Redding, and that there is no just reason

to delay entry of default judgment as to Redding.

### Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or

exceed in amount, what is demanded in the pleadings."  Because Redding failed to file a

responsive pleading and is in default, it admits the factual allegations in the complaint.  *See* Fed.

R. Civ. P. 8(b)(6).  As set forth in the complaint and the Magnolia Affidavit, Redding has failed

to pay for work completed under the HVAC and Plumbing Contracts.  The motion for default

judgment seeks a judgment in the amount of the unpaid balances under both contracts plus the

cost of filing this action.

The facts set forth in the complaint, plaintiffs' motion for default judgment, and the

Magnolia Affidavit establish that there is an outstanding balance for work performed under the

HVAC Contract in the amount of $137,645.57 (Count II) and an outstanding balance for work

performed under the Plumbing Contract in the amount of $185,283.78 (Count III).  Plaintiff

certifies that it regularly billed Redding for the work performed under the contracts and that

these charges are fair and reasonable.

For these reasons the undersigned magistrate judge recommends that a default judgment

be entered in favor of plaintiff against Redding in the amount of $322,929.35, which comprises

the unpaid balance of $137,645.57 under the HVAC Contract and the unpaid balance of

$185,283.78 under the Plumbing Contract.  As a prevailing party, plaintiff is also entitled to an

award of taxable costs against defendant Redding.

9

## Notice

By means of the Court's electronic filing system and by mailing a copy of these

proposed findings of fact and recommendations to Redding, the parties are notified that

objections to these proposed findings of fact and recommendations must be filed within 14 days

of service of these proposed findings of fact and recommendations and a failure to file timely

objections waives appellate review of the substance of these proposed findings of fact and

recommendations and waives appellate review of any judgment or decision based on these

proposed findings of fact and recommendations.

A copy of these proposed findings of fact and recommendations will be mailed to

defendant James T. Redding, Inc., 7590 Boulder Drive, Sykesville, MD 21784, and defendant

Redding's registered agent, CSC Lawyers Incorporating Service Company, 7 St. Paul St., Suite

1660, Baltimore, MD 21202.

ENTERED this 22d day of December, 2011.

                                        /s/                              JFA

                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia